Solís, Appellant, *v.* Registrar of Caguas, Respondent.

Appeal from a Decision of the Registrar of Property Refusing to Record a Ratification by a Municipality.

No. 451.—Decided February 27, 1920.

Record of Title — Municipal Property — Usufruct — Segregation — Ratification—Evidence of Title.—In order to record in the registry a usufructuary right granted by a municipality to certain city lots segregated from a recorded property of greater area and also to record the segregation, a public deed is not indispensable, but it is sufficient to present in the registry the municipal secretary's certificate of the resolution authorizing the segregation and grant, or the ratification of the grant, as the case may be.

Id.—Civil Status.—For the purpose of adjusting the descriptions of two houses as they appear in the registry to their description after having been rebuilt the husband set out in a deed that both the purchase and the reconstruction of the two houses were made "while married to his wife who is a party to the deed, she being his first wife." The registrar having assigned as a curable defect failure to show that the husband's present wife was his wife when he built the house, *Held:* That the defect does not exist, for the parties themselves stated in the deed that this is their first marriage.

The facts are stated in the opinion.

*Mr. R. Arce* for the appellant.

The respondent did not appear.

Mr. Justice Wolf delivered the opinion of the court.

The appellant was the owner of two old houses in Caguas where the municipality was the owner of the lot. He desired to make improvements thereon and have his usufruct ratified by the municipality. The municipality acceded to his request for ratification, as evidenced by the certificate of its secretary in accordance with the Municipal Law. The registrar denied record both to the ratification made by the munici-

pality and to the deed of improvement of the houses. The notes denying the said records follows:

"Record of the foregoing instrument is denied and in its stead a cautionary notice is entered for the period of 120 days in favor of the Municipality of Caguas at folio 187, reverse side, and folio 183, volume 2 of Caguas, properties numbers 96 and 97, entries letters A for the following reason: Because it appearing from the registry that said municipality has recorded by virtue of a written title at folio 92, volume 11 of this municipality, the dominion title of the property from which the one bearing this number is segregated, the said record cannot be made by means of a certificate from the secretary of said municipality, as presented in this case, but a public deed is necessary, inasmuch as there is a written and recorded title of the property in the name of said municipality, and therefore the segregations made from the said principal property should be recorded in its name subject to the rules established for records concerning private individuals, for the title recorded by the said corporation is a dominion title and not a possessory title, all in accordance with section 33 of the Regulations of the Mortgage Law in connection with sections 31–34 and 36 thereof and section 3 of the said Mortgage Law."

"Record is denied of the improvements referred to in the foregoing instrument, deed No. 139 executed in Caguas on November 11, 1919, before notary Rafael Arce Rollet, it being observed that the lots on which the houses are built belong to the municipality of Caguas and are not previously recorded in its name, and a cautionary notice is entered in its stead for the period of 120 days in favor of the spouses José María Solís Martinó and Asunción Sariego Espina at folios 188 and 184, volume 2 of Caguas, properties numbers 97 and 96, entries letters B, with the curable defect that it is not shown that Asunción Sarriego was the wife of Solís when he built the houses."

The certificate from the municipality was a sufficient document in accordance with sections 2 and 3 of the Mortgage Law and 51 of the Regulations. Title III, Articles 1 and 2 of the Law of Evidence; *Planas* v. *Registrar of Caguas*, 26 P. R. R. 356; *Cubarons* v. *Registrar of Caguas*, 27 P. R. R. 757.

The first document being recorded, as it should be, the

objection to record of the second deed vanishes, as the sole reason given therefor was the failure to show the record in the name of the municipality, a state of affairs remedied by said previous record.

Neither does the curable defect exist, inasmuch as the parties themselves have stated in their deed that this is their first marriage.

The notes of the registrar should be reversed and the records made as indicated.

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.